(No. 11790.—Decision annulled.)

MATTER OF PETITION OF THE CITY OF ROBINSON TO EX-
EMPT HIGHLAND PARK FROM TAXATION.

*Opinion filed December 19, 1917.*

TAXES—*when a public park is not subject to taxation because used by private persons for profit.* The occasional unauthorized use of a public park by private persons to conduct automobile races, at which they charged an admission fee to persons willing to pay but without excluding other persons from the park, does not change the character of the park as a public park nor deprive the public of its right to have the park exempted from taxation.

APPEAL from the Board of Review of Crawford county.

O. L. PLUNKETT, City Attorney, for petitioner.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The city of Robinson petitioned the board of review of Crawford county, in which said city is located, to exempt from assessment and taxation the real estate contained in Highland Park,—about thirty-two acres,—in said city. It appears from the finding of the board of review that said real estate is owned by the city of Robinson and is used exclusively for public park purposes, except that it is leased to the Crawford County Grange Agricultural Society for a period of seven days during each year, at which time the park is closed to the general public and used for grounds on which to hold an agricultural fair, and an admission fee is charged to those who enter, but anyone paying the admission fee may enter; that said fair is conducted for agricultural, horticultural and mechanical purposes in the park and is not for pecuniary profit; that at different times automobile races have been held on the race track in said park; that at these races the park was not closed to the public, but a ticket seller was stationed at the entrance by the per-

sons in charge of the races, who were not agents of the city of Robinson, and collected admission fees from those who would pay; that those who would not pay could pass into the park without paying; that the park is kept up by money raised by taxation of the property within the city of Robinson and was originally purchased by said city with money raised by taxation of the property within said city. The board of review of Crawford county refused to exempt said property, and on appeal by the city the record has been certified by the Auditor of Public Accounts to this court for review.

Paragraph 9 of section 2 of the Revenue law of this State provides that all "public grounds used exclusively for public purposes" shall be exempt from taxation; and paragraph 10 of the same section provides that "all property which may be used exclusively by societies for agricultural, horticultural, mechanical and philosophical purposes, and not for pecuniary profit," shall be exempt. (Hurd's Stat. 1916, p. 2160.) It seems necessarily to follow from these two paragraphs that all public property used jointly, but exclusively, for public purposes and by societies for agricultural, horticultural, mechanical and philosophical purposes, and not for pecuniary profit, must also be exempt from taxation. The board of review in its finding of facts stated that said fair was conducted not for pecuniary profit. The only ground, therefore, for holding this property not exempt is that the park was sometimes used for automobile races, for which an admission fee was charged to those willing to pay. The persons conducting the automobile races not being authorized by the city or park authorities to charge an admission fee, such temporary use did not change the character of this ground as a public park. It would seem unreasonable to hold that the general public's use of this park could be taken away or destroyed by the act of private individuals. The right of the public to have this park exempted from taxation cannot be destroyed by

the acts of private persons done without authority or direct sanction from the public officials in charge of such work. On the facts as stated in the finding of the board of review we think said board should have found that said land was not liable to taxation. ·

The decision of the board of review òf Crawford county will therefore be set aside and annulled, (see Hurd's Stat. 1916, chap. 120, par. 6, sec. 35, p. 2226,) and said real estate will be considered exempt from the taxes in question.

*Decision of board of review set aside and annulled.*